**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-848

KEITH MANESS, Individually and For
Others Similarly Situated,

    Plaintiff,

v.

KISCO SENIOR LIVING, LLC
d/b/a BALFOUR SENIOR CARE.

    Defendant.

---

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. Keith Maness (Maness) brings this class and collective action to recover unpaid overtime and other damages from Defendant Kisco Senior Living LLC d/b/a Balfour Senior Care.

2. Maness worked for Balfour Senior Care as a Line Cook.

3. Like the Putative Class Members (as defined below), Maness regularly worked more than 40 hours in a week.

4. But Balfour Senior Care did not pay time-and-a-half for all overtime hours they worked.

5. Instead, Balfour Senior Care paid straight time for overtime for these employees' mandatory training hours, including when they worked more than 40 hours in a week.

6. Maness and the Putative Class Members were thus not paid time-and-a-half overtime for that time.

7. Balfour Senior Care's straight time for training overtime pay plan violates the Fair Labor Standards Act (FLSA), the Colorado Minimum Wage Act, C.R.S. § 8-6-101 *et seq*. (CMWA) as implemented by the Colorado Overtime and Minimum Pay Standards Order (COMPS), and the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq*. (CWCA) (CMWA, COMPS, and CWCA are together referred to as Colorado Wage Law).

8. Balfour Senior Care also fails to pay Maness and the Putative Class Members overtime wages at the proper premium rate (Balfour's regular rate violations).

9. Specifically, Balfour Senior Care pays Maness and the Putative Class Members non-discretionary bonuses, which Balfour Senior Care intentionally excludes when calculating their regular rates of pay for overtime purposes.

10. Balfour Senior Care's exclusion, or failure to include the entirety, of non-discretionary bonuses from the calculation of Maness and the Putative Class Members' overtime premium violates the FLSA and Colorado Wage Law by paying overtime wages at rates less than 1.5 times their regular rates of pay—based on *all* remuneration received—for their hours worked over 40 in a workweek.

11. The FLSA claims are brought as collective actions pursuant to 29 U.S.C. § 216(b).

12. The Colorado Wage Law claims are brought as class actions pursuant to Federal Rule of Civil Procedure 23.

**JURISDICTION & VENUE**

13. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

14. The Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

15. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant is headquartered in this District.

**PARTIES**

16. Maness was an hourly employee of Balfour Senior Care.

17. Balfour Senior Care employed Maness as a Line Cook.

18. Maness worked for Balfour Senior Care at its Riverfront Park location in downtown Denver from approximately November 2023 until Present.

19. Throughout his employment, Balfour Senior Care classified Maness as non-exempt and paid him on an hourly basis.

20. But Balfour Senior Care subjected Maness to its common practice of paying straight time for all training hours worked, including overtime training hours.

21. Balfour Senior Care also subjected Maness to its common practice of excluding non-discretionary bonuses from the regular rate of pay for purposes of calculating its hourly, non-exempt workers' time-and-a-half overtime rates.

22. Maness's written consent is attached as **Exhibit 1**.

23. Maness brings this action on behalf of himself and other similarly situated hourly, non-exempt Balfour Senior Care employees who were subject to Balfour Senior Care's straight time for training overtime policy.

24. Balfour Senior Care uniformly pays these employees straight time for all training hours worked, including when they work more than 40 hours in a workweek.

25. The FLSA collective of similarly situated straight time for training overtime employees is defined as:

> **All hourly Balfour Senior Care workers who were paid straight time for overtime training hours at any time during the past 3 years ("FLSA Straight Time Workers").**

26. Maness also brings this action on behalf of himself and other similarly situated hourly, non-exempt Balfour Senior Care employees who were not paid overtime at their proper premium rate, including by excluding non-discretionary bonuses from their time-and-a-half overtime rates.

27. Balfour Senior Care uniformly excludes, or does not include the entirety of, non-discretionary bonuses from these employees' time-and-a-half overtime rates.

28. The FLSA collective of similarly situated regular rate violation employees is defined as:

> **All hourly, non-exempt Balfour Senior Care employees who received a non-discretionary bonus at any time during the past 3 years ("FLSA Regular Rate Workers").**

29. Maness also represents a class of similarly situated hourly non-exempt workers who were subject to Balfour Senior Care's straight time for training overtime policy in violation of the Colorado Wage Law pursuant to Federal Rule of Civil Procedure 23.

30. The Colorado Straight Time Workers is defined as:

> **All hourly Balfour Senior Care workers who were paid straight time for overtime training hours at any time in Colorado during the past 3 years ("Colorado Straight Time Workers").**

31. Maness also represents a class of similarly situated hourly non-exempt workers who were not paid overtime at their proper premium rates in violation of the Colorado Wage Law pursuant to Federal Rule of Civil Procedure 23.

32. The Colorado Regular Rate Workers is defined as:

> **All hourly, non-exempt Balfour Senior Care employees who received a non-discretionary bonus at any time in Colorado during the past 3 years ("Colorado Regular Rate Workers").**

33. Collectively, the Colorado Straight Time Workers and Colorado Regular Rate Workers are referred to as the Colorado Class or Colorado Class Members.

34. Collectively, the FLSA Straight Time Workers and Colorado Straight Time Workers are referred to as the Straight Time Workers.

35. Collectively, the FLSA Regular Rate Workers and Colorado Regular Rate Workers are referred to as the Regular Rate Workers.

36. Collectively, the FLSA Straight Time Workers, FLSA Regular Rate Workers, Colorado Straight Time Workers, and Colorado Regular Rate Workers is defined as the Putative Class or Putative Class Members.

37. Balfour Senior Care is a domestic corporation.

38. Balfour Senior Care may be served with process by serving its registered agent: **Corporation Service Company, 1900 W. Littleton Blvd., Littleton, Colorado 80120**.

**COVERAGE UNDER THE FLSA**

39. At all relevant times, Balfour Senior Care was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

40. At all relevant times, Balfour Senior Care, as an institution primarily engaged in healthcare, was an enterprise within the meaning of Section 3(r)(2)(A) of the FLSA, 29 U.S.C. § 203(r)(2)(A).

41. At all relevant times, Balfour Senior Care was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as computers, cellphones, and personal protective equipment – that have been moved in or produced for commerce.

42. At all relevant times, Balfour Senior Care has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

43. At all relevant times, Maness and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

**FACTUAL ALLEGATIONS**

44. Balfour Senior Care operates residential-style senior living, assisted living, and memory care facilities throughout Colorado.

45. Maness worked for Balfour Senior Care as a Line Cook.

46. Maness worked for Balfour Senior Care from approximately November 2023 until Present.

6

47. Maness's straight time hourly rate was $21.50 per hour.

48. Maness reported the hours he worked to Balfour Senior Care on a regular basis.

49. Maness was not guaranteed a salary.

50. If Maness worked fewer than 40 hours in a week, he was only paid for the hours works.

51. But Maness regularly worked more than 40 hours in a week.

52. The hours Maness and the Straight Time Workers worked are reflected in Balfour Senior Care's records.

53. Rather than receiving time and half as required by the FLSA, Maness only received "straight time" pay for training hours, including overtime training hours.

54. For example, on the workweek beginning on January 7, 2024, Maness worked 46.78 hours.

55. And on the workweek beginning on January 14, 2024, Maness worked 53.45 hours, including 9.5 hours of mandatory training time.

56. For the biweekly pay period beginning on January 7, 2024, Balfour Senior Care only paid Maness time-and-a-half overtime for 10.73 hours.

| Earnings | rate | hours | this period |
|---|---|---|---|
| Regular | 21.5000 | 80.00 | 1,720.00 |
| Overtime | 32.2500 | 10.73 | 346.05 |
| Training | 21.5000 | 9.50 | 204.25 |

57. But Maness worked 20.23 overtime hours during the biweekly pay period beginning on January 7, 2024.

7

58. Instead of paying Maness time-and-a-half overtime for his 20.23 overtime hours, Balfour Senior Care paid Maness straight time for his 9.5 training hours.

59. Balfour Senior Care "straight time for overtime" payment scheme violates the FLSA.

60. Balfour Senior Care was and is aware of the overtime requirements of the FLSA.

61. Balfour Senior Care also uniformly excludes, or does not include the entirety of, certain non-discretionary bonuses from Maness and the Regular Rate Workers' regular rates of pay for purposes of calculating their time-and-a-half overtime rates.

62. While exact job titles and job duties may differ, Maness and the Putative Class Members are subjected to the same or similar illegal policies—Balfour Senior Care's straight time policy and/or its regular rate violations—for similar work.

63. Likewise, Balfour Senior Care excluded, or did not include the entirety of, certain non-discretionary bonuses from Maness's time-and-a-half overtime rate.

64. For example, Balfour Senior Care did not include the entirety of Maness's Employee Referral bonus in his time-and-a-half overtime rate.

65. Thus, under its illegal regular rate violations, Balfour Senior Care fails to pay Maness overtime wages at a rate not less than 1.5 times his regular rate of pay—based on *all* remuneration received—for the hours he works over 40 in a workweek in willful violation of the FLSA and Colorado Wage Law.

66. Balfour Senior Care subjects the Putative Class Members to the same illegal policies it imposes on Maness.

67. Balfour Senior Care subjected Maness and the Putative Class Members to its uniform pay practice of excluding, or not including the entirety of, non-discretionary bonuses from their regular rates of pay.

68. Balfour Senior Care's exclusion of, or failure to include the entirety of, Maness and the Putative Class Members' non-discretionary bonuses from their regular rates of pay violates the requirement under the FLSA and Colorado Wage Law to include all remuneration received in its calculation of the proper time-and-a-half rate.

69. Balfour Senior Care knew, or should have known, it was subject to the FLSA and the Colorado Wage Law, including its overtime provisions.

70. Balfour Senior Care knew, or should have known, the FLSA and the Colorado Wage Law requires it to pay employees, including Maness and the Putative Class Members, overtime at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

71. Balfour Senior Care knew, or should have known, Maness and the Putative Class Members worked more than 40 hours in a week.

72. Balfour Senior Care knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the FLSA and Colorado Wage Law.

73. Nonetheless, Balfour Senior Care failed to pay Maness and the Putative Class Members overtime for all hours these employees worked in excess of 40 hours in a workweek.

74. Balfour Senior Care knowingly, willfully, and/or in reckless disregard excluded non-discretionary bonuses from Maness and the Putative Class Members'

regular rates of pay for purposes of calculating their time-and-a-half overtime rates in violation of the FLSA and Colorado Wage Law.

75. Balfour Senior Care's failure to pay full overtime compensation to Maness and the Putative Class Members was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

### CLASS & COLLECTIVE ALLEGATIONS

76. Maness incorporates all other paragraphs by reference.

77. Like Maness, the Putative Class Members were victimized by Balfour Senior Care's illegal straight time for overtime training hours policy and its uniform regular rate violations.

78. Other Putative Class Members worked with Maness and indicated they were paid in the same manner, performed similar work, and were subject to Balfour Senior Care's same straight time for overtime training hours policy and its uniform regular rate violations.

79. Based on his experiences with Balfour Senior Care, Maness is aware Balfour Senior Care's illegal practices were imposed on the Putative Class Members.

80. The Putative Class Members are similarly situated in all relevant respects.

81. Even if their precise job duties might vary somewhat, these differences do not matter for the purpose of determining their entitlement to overtime.

82. Therefore, the specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

83. Rather, the class is held together by Balfour Senior Care's uniform straight time for overtime training hours policy that systematically deprived Maness and the

Putative Class Members of overtime pay for all hours worked in excess of 40 hours in a workweek.

84. The Putative Class Members are similarly denied overtime when they work more than 40 hours per week.

85. Likewise, the class is held together by Balfour Senior Care's uniform regular rate violations that systematically deprived Maness and the Putative Class Members of overtime pay at the lawful premium rate, including by excluding non-discretionary bonuses from their calculations.

86. The overtime owed to Maness and the Putative Class Members under both the straight time for overtime and regular rate violations will be calculated using the same records and using the same formula.

87. Maness's experiences are therefore typical of the experiences of the Putative Class Members.

88. Maness has no interests contrary to, or in conflict with, the Putative Class Members that would prevent collective treatment.

89. Like each Putative Class Member, Maness has an interest in obtaining the unpaid overtime wages owed under federal law.

90. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

91. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and Balfour Senior Care will reap the unjust benefits of violating the FLSA and Colorado Wage Law.

92. Further, even if some of the Putative Class Members could afford individual litigation against Balfour Senior Care, it would be unduly burdensome to the judicial system.

93. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

94. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

95. Among the common questions of law and fact are:

    a. Whether Balfour Senior Care engaged in a policy and practice of paying straight time for overtime for training hours in violation of the FLSA and Colorado Wage Law;

    b. Whether Balfour Senior Care engaged in a policy and practice of paying non-discretionary bonuses;

    c. Whether Balfour Senior Care engaged in a policy and practice of excluding non-discretionary bonuses from its hourly, non-exempt workers' regular rates of pay for purposes of calculating their time-and-a-half overtime rates;

    d. Whether Balfour Senior Care's paying straight time for overtime for training hours policy deprived Maness and the Putative Class Members of overtime pay in violation of the FLSA and Colorado Wage Law;

   e. Whether Balfour Senior Care failed to pay Maness and the Putative Class Members overtime for all hours worked in excess of 40 hours in a workweek in violation of the FLSA and Colorado Wage Law;

   f. Whether Balfour Senior Care's policy of excluding non-discretionary bonuses from Maness and the Putative Class Members' regular rates of pay for purposes of calculating their time-and-a-half overtime rates violated the FLSA and Colorado Wage Law; and

   g. Whether Balfour Senior Care's violations of the FLSA and Colorado Wage Law were willful.

96. Maness and the Putative Class Members sustained damages arising out of Balfour Senior Care's illegal and uniform straight time for overtime training hours policy and uniform regular rate violations.

97. Maness knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class and collective action.

98. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Balfour Senior Care's records, and there is no detraction from the common nucleus of liability facts.

99. Therefore, the issue of damages does not preclude class or collective treatment.

100. Balfour Senior Care is liable under the FLSA for failing to pay overtime to Maness and the Putative Class Members.

101. Consistent with Balfour Senior Care's illegal straight time for overtime training hours policy and uniform regular rate violations, Maness and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

102. As part of their regular business practices, Balfour Senior Care intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Maness and the Putative Class Members.

103. Balfour Senior Care's illegal straight time for overtime training hours policy and uniform regular rate violations deprived Maness and the Putative Class Members of the premium overtime wages they are owed under federal law.

104. Balfour Senior Care is aware, or should have been aware, that the FLSA and Colorado Wage Law requires it to pay Maness and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

105. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA and Colorado Wage Law who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

106. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

107. Those similarly situated employees are known to Balfour Senior Care, are readily identifiable, and can be located through Balfour Senior Care's records.

## COUNT 1

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (FLSA COLLECTIVE)

108. Maness realleges and incorporates all other paragraphs by reference.

109. Maness brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

110. Balfour Senior Care violated, and is violating, the FLSA by failing to pay Maness and the Putative Class Members overtime for all hours worked in excess of 40 in a single workweek, including training hours.

111. Likewise, Balfour Senior Care violated, and is violating, the FLSA by failing to pay Maness and the Putative Class Members overtime wages at rates not less than 1.5 times their regular rates of pay—based on *all* remuneration received—for all hours worked over 40 in a workweek, including by excluding non-discretionary bonuses from their respective regular rates of pay.

112. Maness and the Putative Class Members have been harmed as a direct and proximate result of Balfour Senior Care's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Balfour Senior Care derived a direct and substantial benefit.

113. Balfour Senior Care knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Maness and the Putative Class Members overtime compensation.

114. Balfour Senior Care's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

115. Accordingly, Maness and the Putative Class Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

## COUNT 2

### CMWA VIOLATIONS
### (COLORADO WORKERS)

116. Maness incorporates by reference all allegations in preceding paragraphs.

117. Maness brings his Colorado Wage Law claim as a class action on behalf of himself and the Colorado Construction Workers.

118. The conduct alleged violates the Colorado Minimum Wage Act, C.R.S. § 8-6-101 et seq. (CMWA) as implemented by the Colorado Overtime and Minimum Pay Standards Order (COMPS).

119. At all relevant times, Balfour Senior Care was an "employer" within the meaning of the COMPS Order. 7 C.C.R. 1103-1 ¶ 1.6.

120. Maness and the Colorado Construction Workers were Balfour Senior Care's "employees" as that term is defined by the COMPS Order. 7 C.C.R. 1103-1 ¶ 1.5(A).

121. Balfour Senior Care violated the COMPS Order when it failed to pay Maness and the Colorado Construction Workers overtime premiums for all hours worked over forty in each given workweek and for hours worked over twelve each workday. 7 CCR 1103-1¶ 4.1.1(A).

122. Maness and the Colorado Construction Workers are entitled to recover in this civil action the unpaid balance of the full amount of overtime wages they are owed, together with reasonable attorney's fees and court costs. 7 C.C.R. 1103-1 ¶ 8.1(A).

123. The Colorado Wage Law requires employers, like Balfour Senior Care, to pay non-exempt employees, including Maness and the Colorado Construction Workers, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

## COUNT 3

### CWCA VIOLATIONS
### (COLORADO WORKERS)

124. Maness incorporates by reference all allegations in preceding paragraphs.

125. Balfour Senior Care was Maness and the Colorado Construction Workers' "employers" as that term is defined by the CWCA because they employed Maness and the Colorado Construction Workers in Colorado. C.R.S. § 8-4-101(6).

126. Maness and the Colorado Construction Workers were Balfour Senior Care's "employees" as that term is defined by the CWCA because they performed labor for the benefit of Balfour Senior Care. C.R.S. § 8-4-101(5).

127. Balfour Senior Care violated the CWCA when it failed to pay Maness and the Colorado Construction Workers all earned, vested and determinable wages upon termination of employment. C.R.S. § 8-4-109.

128. As a result, Maness and the Colorado Construction Workers suffered lost wages and lost use of those wages in an amount to be determined at trial.

129. Maness and the Colorado Construction Workers are entitled to recover in a civil action all earned and vested wages owed to them, statutory penalties and attorney fees and costs of suit. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

## JURY DEMAND

130. Maness demands a trial by jury.

## RELIEF SOUGHT

Maness prays for judgment against Balfour Senior Care as follows:

a. An order designating this lawsuit as a collective action and authorizing notice to the FLSA Collective Members allowing them to join this action by filing a written notice of consent;

b. An order certifying a class action pursuant to FED. R. CIV. P. 23;

c. An order appointing Maness and his counsel to represent the interests of the Putative Class Members;

d. An order finding Balfour Senior Care liable to Maness and the other FLSA Collective Members for all unpaid overtime wages owed under the FLSA, plus liquidated damages in an amount equal to their unpaid wages;

e. An order finding Balfour Senior Care liable to Maness and the other Colorado Class Members for all unpaid overtime wages owed under the Colorado Wage Law, plus liquidated damages;

f. An order finding Balfour Senior Care liable to Maness and the other Colorado Class Members for all unpaid overtime wages owed under the Colorado Wage Law, plus liquidated damages;

g. Judgment awarding Maness and the other Putative Class Members all unpaid earned wages, unpaid overtime wages, liquidated damages, and any other penalties available under the FLSA and Colorado Wage Law;

h. An order awarding attorneys' fees, costs, and expenses;

i. Pre- and post-judgment interest at the highest applicable rates; and

j. Such other and further relief as may be necessary and appropriate.

| | |
|---|---|
| Date: March 14, 2025. | Respectfully submitted,<br><br>By:  /s/ Carl A. Fitz<br>     **Carl A. Fitz**<br>     Tex. State Bar No. 24105863<br>**FITZ LAW PLLC**<br>3730 Kirby Drive, Ste. 1200<br>Houston, Texas 77098<br>(713) 766-4000<br>carl@fitz.legal<br><br>**Attorneys for Plaintiff** |